IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY HASKINS,          :     4:10-cv-559
                                        :
          Petitioner,       :
                                          :     Hon. John E. Jones III
          v.                 :
                                          :     Hon. Malachy E. Mannion
DOMINIK L DeROSE, and    :
PA ATTORNEY GENERAL,    :
                                          :
          Respondents.     :

## MEMORANDUM

### October 12, 2010

### THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

This matter is before the Court on the Report and Recommendation
("R&R") of Magistrate Judge Malachy E. Mannion (Doc. 13), filed on September
14, 2010, which recommends that we dismiss the Petitioner Anthony Haskins's
("Petitioner" or "Haskins") habeas petition. (Doc. 1). No objections to the R&R
have been filed by any party.[1] For the reasons set forth below, the Court will adopt
the Magistrate Judge's R&R, dismiss Haskins's petition and close this case.

---

[1] Objections were due by October 1, 2010.

## I.    STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it.  *Thomas v. Arn*, 474 U.S. 140, 149 (1985).  According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987).  "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater*, 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998).  The Court's examination of this case confirms the Magistrate Judge's determinations.

## II.    PROCEDURAL AND FACTUAL BACKGROUND

Petitioner, a former inmate at the Dauphin County Prison, Harrisburg, Pennsylvania, instituted this habeas petition pursuant to 28 U.S.C. § 2254 on March 12, 2010 by filing the same against Respondents Dominik L. DeRose and the Pennsylvania Attorney General ("Respondents").  (Doc. 1).  That same day,

Petitioner filed a Motion for Leave to Proceed *in forma pauperis.* (Doc. 2). On March 16, 2010, the Court issued an Order to Show Cause, directing Respondents to respond to Haskins's petition. (Doc. 4). On March 31, 2010, Respondents filed a motion to dismiss, serving their motion on Petitioner at the Dauphin County Prison. (Doc. 5).

In the interim, Haskins was released from the Dauphin County Prison and therefore, he never received Respondents' motion to dismiss, which had been served on him at the prison. Recognizing this, on June 15, 2010, the Court issued an order directing Respondents to serve Petitioner with a copy of their motion to dismiss at Petitioner's new listed address and directing Petitioner to file a response on or before July 6, 2010. (Doc. 12). To date, Petitioner has failed to file any response to Respondents' motion to dismiss. Having received no response from Haskins, Magistrate Judge Mannion issued the instant R&R, recommending dismissal.

## III. DISCUSSION

Magistrate Judge Mannion, after preliminary review of the petition, recommends that the case be dismissed based on Petitioner's failure to respond to the Court's last order, which directed Haskins to file a response to Respondents' motion to dismiss, or otherwise contact the Court.

The Magistrate Judge concludes that Haskins's failure to respond constitutes a failure to prosecute the action; thus, making the action subject to dismissal pursuant to Fed. R. Civ. P. 41(b).[2] The Third Circuit has held that Rule 41(b) does not prohibit the *sua sponte* dismissal of actions against a defendant. *Kenney v. Cal. Tanker Co.*, 381 F.2d 775 (3d Cir. 1967). The Court's authority to grant a dismissal of an action for lack of prosecution is an "inherent power," necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. *Id*. at 777. Therefore, it is within the discretion of the Court to grant a dismissal of an action where, as here, a party has failed to comply with a court order.

The Magistrate Judge notes that the Court cannot properly control its docket, move this action forward, and appropriately protect the rights of all parties where Petitioner fails to comply with the Court's order. Moreover, such conduct should not be condoned when viewed against the backdrop of the large prisoner case dockets presently before the federal courts, all of which require prompt and thorough review. Further, Petitioner's failure to file objections to the R&R also indicates his abandonment of this action. For all of these reasons, Magistrate

---

[2]Rule 41(b) provides, in relevant part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

Judge Mannion recommends that this action be dismissed pursuant to Rule 41(b). We fully agree with the learned Magistrate Judge's conclusions.

As we have already mentioned, neither Respondents nor the Petitioner have filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*. An appropriate Order shall issue.

## IV.    CONCLUSION

Accordingly, for the reasons set forth above, the R&R shall be adopted in its entirety. An appropriate Order shall issue.